Joesph S. CHOAT, Plaintiff,

v.

ROME INDUSTRIES, INC., a corporation, John Deere Company, a corporation, Caterpillar Tractor Company, Inc., a corporation, Carroll Mullen, Individually and as president of Rome Industries, Inc., ABC Company, Inc., a corporation, being that company d/b/a Rome Industries, Inc., a corporation, during all time pertinent hereto, EFG Company, Inc., a corporation, Defendants.

Civ. A. No. C77–78R.

United States District Court, N. D. Georgia, Rome Division.

Dec. 11, 1978.

R. B. Jones, Jones & Monroe, Birmingham, Ala., Ronald G. Shedd, Rome, Ga., for plaintiff.

John S. Foster, Wingo, Bibb, Foster & Conwell, Birmingham, Ala., William J. Ormsby, Jr. and Edward T. Newton, Atlanta, Ga., Theodore R. Scott, McDougall, Hersh & Scott, Chicago, Ill., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This action arises out of the alleged infringement by the defendants of certain patents issued to the plaintiff. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1338 and 1400(b). Presently pending before the Court are defendants' motions for summary judgment and to compel production of certain documents. In addition, plaintiff's counsel has petitioned the Court for permission to practice before the Court.

The evidence before the Court indicates that in the fall of 1966 the plaintiff showed drawings and photographs of a tree shear, developed by him, to representatives of

Rome Industries, Inc. ("Rome"). On January 26, 1967, the plaintiff filed an application for a patent on his tree shear. United States Patent number 3,493,020 was granted to the plaintiff on February 3, 1970.

According to an affidavit filed by the plaintiff, his tree shear was demonstrated to representatives of Rome in July 1967. On December 10, 1968, Samuel J. Coughren, an engineer employed by Rome, filed for a patent on an invention the plaintiff claims is substantially similar to his tree shear. This application resulted in the issuance of United States Patent number 3,572,411 on March 23, 1971.

In September 1969, the plaintiff notified the defendant, by letter, that they were infringing on his rights as a patent holder. In response, defendants' patent counsel informed the plaintiff of their research into the validity of plaintiff's patent. It was the opinion of defendants' counsel that plaintiff's patent was invalid because of the existence of eleven patents which, taken together, totally anticipated the plaintiff's invention. In asserting the invalidity of plaintiff's patent, the defendants indicated that they were not interested in purchasing the patent or obtaining any license under it. In a letter dated January 19, 1970, plaintiff's counsel replied to defendants' claims by distinguishing the patents relied on in defendant counsel's earlier letter. All contact between the plaintiff and Rome apparently ended in June 1971. The plaintiff's infringement claims were not reasserted until August 1976.

1. In support of their motion for summary judgment the defendants contend that the plaintiff should be estopped from asserting his infringement claim. The defendants argue that the plaintiff's silence for over five years misled them into believing that the infringement claim had been dropped. In reliance on that belief the defendant expended large sums of money from 1970 through 1976 for development and expansion of its production facilities. Defendant Rome contends that it was during this period that it greatly expanded its engineering staff, production capacity, marketing and sales effort in connection with the disputed tree shear.

A plea of estoppel is not generally favored and should not be maintained except in clear cases. *International Association of Machinists v. Higgins, Inc.*, 239 F.Supp. 252 (E.D.La.1965). The party seeking to assert estoppel has the burden of proving each and every element thereof. *Atlantic Richfield Co. v. CRA, Inc.*, 430 F.Supp. 1299 (N.D.Tex.1975); *Tom W. Carpenter Equipment Co. v. General Electric Credit Corp.*, 417 F.2d 988 (10th Cir. 1969). For the doctrine of equitable estoppel to apply there are certain elements which must be present. The elements were outlined by the Court in *Atlantic Richfield Co. v. CRA, Inc.*, 430 F.Supp. at 1303:

> The person against whom the estoppel is to apply must have actual or constructive knowledge of the facts and must have induced, through his words or conduct, another to rely upon the purported representation. The party seeking to assert estoppel must have had neither knowledge nor a reasonable means or opportunity of obtaining knowledge of the facts and must have relied upon the other party's representations to his detriment.

*See, Central Bank and Trust Co. v. General Finance Corp.*, 297 F.2d 126 (5th Cir. 1961). Although not specifically mentioned in the above quoted language, it is clear that "conduct" as an element of equitable estoppel includes silence by the party to be estopped. *Gullett v. Best Shell Homes, Inc. of Tennessee*, 312 F.2d 58 (5th Cir. 1963).

In opposing defendant's motion for summary judgment, the plaintiff asserts that all of the elements required for estoppel are not present. The plaintiff contends that his delay in filing this action was not intentional. Plaintiff's affidavit documents his assertion that between 1971 and 1976 he was diligent in attempting to retain counsel willing to take his case for an affordable fee. The plaintiff did not retain his present counsel until 1976 and this action was filed shortly thereafter. In addition, the file contains letters exchanged between the plaintiff and attorneys for the United

States Department of Justice. These letters support plaintiff's contention that he sought aid from the Justice Department in protecting his patents. These requests were denied.

In addition to his problems in obtaining legal representation, the plaintiff's health has been severely impaired. The plaintiff was hospitalized for parts of 1973 and 1974. Plaintiff's arthritic condition restricted his activities for extended periods of time.

The defendants' attempt to raise the defense of equitable estoppel cannot succeed because of their inability to prove two of the required elements. As stated earlier, there is no dispute that silence may constitute the type of misleading conduct required before the Court could estop a party from asserting its rights. It is equally clear that estoppel will not be raised against one because he was silent where there was no duty on him to speak. *I. S. Joseph Company, Inc. v. Citrus Feed Company, Inc.*, 490 F.2d 185 (5th Cir.1974); *Hohenberg Bros. Company v. Killebrew*, 505 F.2d 643 (5th Cir. 1974). The defendants failed to show that there was any duty on the plaintiff to speak. The plaintiff notified the defendant of its alleged infringement. There was never any notice that plaintiff had dropped his infringement claim. The plaintiff owed no duty to further notify the defendant. Silence by the plaintiff will not constitute misleading conduct.

The nature of plaintiff's conduct was not the sort to provide a basis for a defense of equitable estoppel. In order to make out a claim for equitable estoppel the defendant must demonstrate an intentional deception. *Matter of Henderson*, 577 F.2d 997 (5th Cir. 1978); *Minerals & Chemicals Philipp Corporation v. Milwhite Co.*, 414 F.2d 428 (5th Cir. 1969). In the alternative the defendant could show gross negligence amounting to constructive fraud. *Id.* The documentary evidence demonstrating plaintiff's diligent efforts to retain counsel supports the conclusion that there was no fraudulent intent behind plaintiff's silence.

The second element not provided for in the defendants' evidence is that of reasonable reliance. Mere detrimental reliance is insufficient to support a claim of estoppel. *Brown v. Richardson*, 395 F.Supp. 185 (W.D.Pa.1975). Reliance, to create an estoppel, must be reasonable. *Twentieth Century-Fox Film Corp. v. National Publishers, Inc.*, 294 F.Supp. 10 (S.D.N.Y.1968). "Equitable estoppel is not available to a party who 'conducts himself with a careless indifference to means of information reasonably at hand. . . .'" *Bealle v. Nyden's Incorporated*, 245 F.Supp. 86, 94 (D.Conn.1965). In the present action the defendants could have easily confirmed their belief that the plaintiff had withdrawn his infringement claim. Certainly before large sums of time and money were expended, one should have more than mere silence on which to rely. If Rome did rely on plaintiff's silence, which has not been proven, such reliance was not reasonable. The Court will not invoke the doctrine of equitable estoppel to prevent the plaintiff from asserting his claims.

In the alternative the defendant requests that the Court order the plaintiff to seek a reissue patent pursuant to 37 C.F.R. § 1.175. Without dealing with the validity of the relied upon federal regulations, the Court notes that it has been some nine (9) years since the plaintiff first raised his infringement claim. If the plaintiff is forced to seek a reissue patent it would involve a considerable delay in the progress of the present case. The Court sees no reason for such added delay when it is capable of conducting a trial to reach a final determination of the plaintiff's claims. The Court will not order the plaintiff to seek a reissue patent.

2. There are presently two discovery motions before the Court. This order will not deal with plaintiff's motion to compel answers to interrogatories. Objections to interrogatories have apparently been settled subsequent to the Court's hearing in this matter.

Also before the Court is defendant's motion to compel production of certain documents. The defendant's motion concerns requests no. 8 and 16 contained in their request for production of documents filed May 18, 1978. The requests state:

(8) Any papers relating to the preparation and prosecution of the application that issued as United States Patent No. 3,493,020 in the possession, custody or control of Joseph S. Choat or plaintiff's past and present counsel, including all correspondence relating thereto.

(16) Any papers relating to the preparation and prosecution of the application that issued as United States Patent No. 3,542,100 in the possession, custody or control of Joseph S. Choat or plaintiff's past and present counsel, including all correspondence relating thereto.

The same information was requested by defendants' interrogatories. Plaintiff's response to these interrogatories did not satisfy the defendants. Plaintiff has filed no response to the defendants' motion. The Court is aware that the plaintiff contends that these documents are protected by the attorney-client privilege and the work product doctrine. At the outset it can be stated that the work product doctrine does not apply to the requested documents. This Court concurs with the holding of the Court in *Interlego A. G. v. F. A. O. Schwarz, Inc.*, 196 U.S.P.Q. 8, 12 (N.D.Ga.1977), which stated, "Work product immunity may be claimed for documents prepared by counsel in anticipation of litigation. The immunity should be limited to preparations for contested proceedings and should not be extended to preparations for ex parte proceedings such as patent prosecutions."

Invocation of the attorney-client privilege will not preserve the requested documents from disclosure through the discovery process. It has been held on numerous occasions that documents relating to the preparation and filing of a patent application are not within the ambit of protection of the attorney-client privilege. *Sperry Rand Corp. v. International Business Machine Corp.*, 45 F.R.D. 287 (D.Del.1968).

*Jack Winter, Inc. v. Koratron Company, Inc.*, 54 F.R.D. 44 (N.D.Cal.1971). The disputed requests refer specifically to "papers relating to the preparation and prosecution" of patent applications. The plaintiff has presented no evidence to show that the requested documents constitute an exception to the above cited discovery rule. The burden of establishing entitlement to the attorney client privilege is on the one who raises it. *SCM v. Xerox Corp.*, 70 F.R.D. 508 (D.Conn.1976). The plaintiff is ordered to produce the requested documents.

Accordingly, defendant's motion for summary judgment is DENIED. Plaintiff's motion to compel answers to interrogatories is MOOT. Defendant's motion to compel production of documents is GRANTED. The petition of plaintiff's counsel for permission to practice in this Court is GRANTED.