DETECTION SYSTEMS, INC., Plaintiff,

v.

PITTWAY CORPORATION, Defendant.

No. CIV–77–169B(C).

United States District Court,
W.D. New York.

Nov. 8, 1982.

---

Cook Wetzel & Egan, Ltd. Chicago, Ill. (James M. Wetzel, Chicago, Ill., of counsel), for plaintiff.

Dike, Bronstein, Roberts, Cushman & Pfund, Boston, Mass. (Charles E. Pfund, Boston, Mass., of counsel), for defendant.

CURTIN, Chief Judge.

This is plaintiff's motion seeking to compel discovery and production of some 47 categories of documents from defendant. The Pittway Corporation objects to any production of these documents, claiming they are protected from discovery by attorney-client privilege and work-product immunity. Pittway has submitted the documents for *in camera* inspection by the court, and after review of the materials and consideration of the positions expressed by the parties, the applicability of Pittway's privilege claims may best be considered within three basic categories: documents previously reviewed by the Magistrate, documents related to the Sontrix U.S. Patent, and documents relating to the Sontrix foreign patents.

*1. Documents Previously Reviewed by the Magistrate*

Prior to the transfer of this case, Detection Systems requested an *in camera* inspection and review of Pittway documents, which was conducted by Magistrate Olga Jurco in Chicago. The Magistrate determined that attorney-client privilege applied to 14 of the documents presented here for court review (Items 5, 6, 19, 28, 32, 34, 35, 38, 39, 40, 42, 43, 44, 45); therefore, these documents were shielded from discovery. Detection Systems now requests that the court reconsider the Magistrate's determination.

 The court may reconsider discovery matters referred to a Magistrate pursuant to 28 U.S.C. § 636(b)(1)(A) if the Magistrate's rulings are "clearly erroneous or contrary to law." Moreover, in resolving discovery disputes, the Magistrate is afforded broad discretion which will be overruled only if abused. *Citicorp v. Interbank Card Ass'n,* 478 F.Supp. 756, 765 (S.D.N.Y.1979). After careful inspection and review of these

documents, the court finds the Magistrate's ruling to be neither erroneous nor contrary to law. Accordingly, the Magistrate's determination that this set of documents is privileged from discovery by Detection Systems is affirmed.

*2. Documents Related to the Sontrix U.S. Patent*

 It is now settled that the attorney-client privilege is applicable to corporate clients such as Pittway as the successor to Sontrix, *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); and the essential elements of this privilege have been outlined by Wigmore:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection to be waived.

VIII J. Wigmore on Evidence § 2292 (McNaughten Rev.1961). This definition provides the basic framework for analyzing Pittway's claims of privilege. The burden of establishing the elements of attorney-client privilege falls squarely upon Pittway, the party asserting the privilege, *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), and the mere existence of an attorney-client privilege does not raise a presumption of confidentiality. *Duplan Corp. v. Deering Milliken, Inc.,* 397 F.Supp. 1146 (D.S.C.1975).

In patent cases such as this, several types and categories of documents have been held to be not protected by attorney-client privilege. These include:

(1) Client authorizations to file applications and to take other steps necessary to obtain patent registration;

(2) Compendiums of filing fees and requirements in the United States and foreign countries for patent applications;

(3) Resumes of patent applications filed and registrations obtained or rejected (including dates and file or registration numbers);

(4) Technical information communicated to the attorney but not calling for a legal opinion or interpretation and meant primarily for aid in completing patent applications;

(5) Communications which pass through an attorney who acts only as a conduit for a third party;

(6) Transmittal letters or acknowledgement of receipt letters devoid of legal advice or requests for such advice and disclosing no privileged matters.

*Duplan Corp. v. Deering Milliken, Inc.,* 397 F.Supp. at 1168; *Jack Winter, Inc. v. Koratron Co.,* 54 F.R.D. 44, 47 (N.D.Cal.1971).

(7) Patent disclosures, draft patent applications, technical non-legal material related to the final patent, or studies of the prior art.

*Sneider v. Kimberly-Clark Corp.,* 91 F.R.D. 1, 5, 7 (N.D.Ill.1980); *Choat v. Rome Industries, Inc.,* 462 F.Supp. 728, 732 (N.D.Ga. 1978).

Applying these standards to the documents presented to the court for review, it is clear that many of these materials cannot be considered protected by attorney-client privilege. A significant number of these documents are transmittal letters which are devoid of legal advice and disclose nothing which could possibly be considered privileged. Another group of documents comprise draft patent applications to which no privilege attaches. In those instances where both privileged and non-privileged material exist, the privileged material has been deleted. A summary of the court's determination concerning which documents may be produced to Detection Systems under these standards is contained in Appendix A of this decision.

■ Pittway also claims that these same documents are protected by work-product immunity from discovery. Yet, it is axiomatic that in order to claim this type of immunity, such documents must be pre-pared in anticipation of litigation or in preparation for trial. Federal Rules of Civil Procedure, Rule 26(b)(3). Although the work-product immunity applies to materials prepared when litigation is merely a contingency, *Stix Products, Inc. v. United Merchants and Manufacturers,* 47 F.R.D. 334 (S.D.N.Y.1969), more than the mere possibility of litigation must be evident. In patent cases, work-product immunity is not "extended to preparations for ex parte proceedings such as patent proceedings," *Choat v. Rome Industries, Inc.,* 462 F.Supp. at 732; *Hercules v. Exxon Corp.,* 434 F.Supp. 136, 152 (D.Del.1977). In reviewing this set of documents, it is clear that the materials were prepared and concern an ex parte proceeding before the Patent Office, and therefore, Pittway's claims of immunity cannot shield the documents from discovery.

3. *Documents Related to the Sontrix Foreign Patents*

■ At the court's request, the parties have submitted additional briefs concerning the applicability of attorney-client privilege to foreign patent agents in various nations. As a general rule, "no communications from patent agents, whether American or foreign, are subject to an attorney-client privilege in the United States," *Duplan Corp. v. Deering Milliken, Inc.,* 397 F.Supp. at 1169. However, in certain instances, courts have given deference to foreign statutes and applied the principle of comity if the foreign law is not contrary to the public policy of the forum. Thus, in *In re Ampicillin Antitrust Litigation* 81 F.R.D. 377, 391 (D.D.C. 1978), the court determined that the availability of the attorney-client privilege would be extended to British patent agent communications which related to patent activities in Great Britain, since such protection was granted to patent agents under the British Civil Evidence Act of 1968 (now the Patent Act of 1977). A similar approach concerning British and French patent agent communications "related to matters solely involving France or Great Britain" was adopted by the court in *Duplan Corp. v. Deering Milliken, Inc.,* 397 F.Supp. 1169–70,

and as a result, these matters were not subject to discovery in the United States.

Pittway urges the court to follow these principles and apply British Law to the British patent documents presented to the court for review. Yet, as Detection Systems notes, some documents related to the Sontrix British patent application and correspondence from the British Patent Office were voluntarily produced by Pittway to Detection Systems at the deposition of Max Wymore on March 22, 1979. During the deposition, counsel for Detection Systems requested a copy of the British Patent Office action and the Sontrix response to the Office Action. Counsel for Pittway then responded: "No objection to the production of the Office action and the responses that were issued on this British patent." (Deposition of Wymore, Document Item 61, p. 59). The documents produced to Detection Systems included a letter from the British Patent Office to Sontrix's British ·patent agents concerning the need for amended specifications, as well as "pages 4 through 25 of changes in specification." *Id.* at 61. These documents were marked as Defendant's Deposition Exhibit 37.

These same documents which were given to Detection Systems at the Wymore deposition are now claimed as privileged by Pittway (Document Item 46(K) and (I)). Clearly, any attorney-client privilege which may have attached to these documents was voluntarily waived by Pittway at the Wymore deposition. Confidentiality is a critical element of the privilege, and it is well established that once a party has made a voluntary disclosure of part of a privileged communication, the privilege is lost for all communications relating to the same subject matter. *Burlington Industries v. Exxon Corp.,* 65 F.R.D. 26, 27, 46 (D.Md.1974). *See also Haymes v. Smith,* 73 F.R.D. 572, 577 (W.D.N.Y.1976). Therefore, those documents concerning the same subject matter disclosed to Detection Systems involving the Sontrix British patent application can no longer be considered privileged from discovery.

Document Item 46(O) is a letter from a Japanese patent agent concerning the Sontrix Japanese patent application sent to Sontrix's British patent agent. This correspondence was in turn forwarded with a cover letter to the Sontrix American attorney requesting instructions concerning the filing of the Japanese patent application. In this instance, it is evident that the British patent agent acted only as a conduit for transmitting the Japanese patent requirements to Sontrix. This type of activity cannot be used to shield documents from discovery, and any British rule concerning attorney-client privilege is not applicable here.

Pittway has submitted information concerning Japanese law, but whether a Japanese patent agent is considered an attorney for purposes of applying any Japanese rule concerning attorney-client privilege remains unclear. In any event, the Japanese legal system has no procedure corresponding to the discovery procedure used in the United States (Document Item 219, Japanese agent reply to Pittway letter of December 31, 1981), and absent this specific showing of privilege, the court will not restrict discovery. *See In re Ampicillin Antitrust Litigation,* 81 F.R.D. at 391–92, n. 26.

Document Item 46(P) concerns the Sontrix Mexican patent application and correspondence from the corporation's Mexican patent agent. In response to the court's request concerning the applicability of any Mexican attorney-client privilege, Pittway has submitted a copy of a letter from a Mexican attorney who stated: "Our Law has no rule in connection with this matter" (Document Item 223). Accordingly, this patent-agent communication cannot be subject to any attorney-client privilege in the United States, *Duplan Corp. v. Deering Milliken, Inc.,* 397 F.Supp. at 1169.

Finally, Detection Systems posits that Sontrix committed fraud in its application before the U.S. Patent Office, and therefore, any claims of attorney-client

privilege and/or work-product immunity are inapplicable. Nevertheless, in order to vitiate attorney-client privilege and work-product immunity, a prima facie showing that "the lawyer's advice was designed to serve his client in the furtherance of its wrongful conduct" is necessary. *Id.* at 1172. In this case, Detection Systems has only presented mere allegations of fraud, which are not sufficient to overcome the privilege. *Burlington Industries v. Exxon Corp.*, 65 F.R.D. at 40. Thus, none of the protected documents is subject to discovery on the basis of Detection Systems' allegations of fraud from the information presented to the court at this time.

For the foregoing reasons, the decision of Magistrate Jurco concerning the applicability of attorney-client privilege to Pittway documents 5, 6, 19, 28, 32, 34, 35, 38, 39, 40, 42, 43, 44, and 45 is affirmed. Concerning those documents which were not reviewed by Magistrate Jurco and submitted to the court for review the documents summarized in Appendix A, appended hereto, have been determined to be not privileged.

The Clerk of the Court is directed to make available copies of these Pittway documents 30 days from the date of this order. To this extent, Detection Systems' motion to compel discovery is granted.

So ordered.

## APPENDIX A
## UNPRIVILEGED DOCUMENTS

| Document # | Date | From | To | Reason |
|---|---|---|---|---|
| 1 | 7–16–70 | Wymore | Shoemaker | Request for studies of prior art; not legal in nature |
| 2 | 7–16–70 | Wymore | Shoemaker | Requests for studies of prior art; not legal in nature |
| 3 | 8–10–70 | Shoemaker | Wymore | Technical information/ studies of prior art |
| 4 | 8–11–70 | Shoemaker | Wymore | Technical information/ studies of prior art |
| 9 | 5–18–71 | Fournie | Wymore | Transmittal letter |
| 10 | DRAFT PATENT APPLICATION | | | Not privileged information |
| 11 | 6–28–72 | Wymore | Fournie | Transmittal letter |
| 12 | 11–29–71 | Wymore | Sontrix | Transmittal letter |
| 13 | 1–03–72 | Wymore | Goble | Transmittal letter |
| 15 | 5–04–72 | Wymore | Sontrix | Filings and requirements for foreign patents (with deletion) |
| 20 | 8–17–72 | Wymore | Fournie | Draft patent material and public information |
| 24 | 9–17–72 | Wymore | Fournie | Transmittal letter |
| 25 | DRAFT PATENT AMENDMENT | | | Not privileged information |
| 26 | DRAFT PATENT AMENDMENT APPLICATION CORRECTION | | | Not privileged information |
| 27 | 2–27–73 | Wymore | Waibel | Transmittal letter/ public information |
| 46(A) | 7–24–75 | Wymore | Waibel | Transmittal letter |
| 46(B) | 7–24–75 | Wymore | Waibel | Transmittal letter |
| 46(C) | 7–24–75 | Wymore | Waibel | Transmittal letter |
| 46(D) | 2–23–73 | Wymore | Sontrix | Resume of patent |
| 46(E) | 10–02–72 | Wymore | Waibel | Applications filed & dates; Acknowledgement of receipt letter |

APPENDIX A—Continued

| Document # | Date | From | To | Reason |
|---|---|---|---|---|
| 46(F) | 9–26–77 | Wymore | Sontrix | Transmittal letter |
| 46(G) | 8–18–72 | Wymore | Goble & Hackett | Transmittal letter |
| 46(H) | 2–21–75 | Mathisen | Wymore | Transmittal letter—waiver of privilege |
| 46(I) | 6–11–74 | Mathisen | Wymore | Previously disclosed/ waiver of privilege |
| 46(J) | 4–29–74 | Wymore | Mathisen | Waiver of privilege |
| 46(K) | 11–11–73 | Mathisen | Wymore | Previously disclosed/ waiver of privilege |
| 46(L) | 4–06–79 | Wymore | Hackett | Client authorization acknowledgement |
| 46(N) | 1–24–80 | Wymore | Hackett | Requirements for Mexican patent applications—not privileged |
| 46(O) | 4–27–77 | Japanese Agent To Mathisen to Wymore | | Not privileged information |
| 46(P) | | MEXICAN PATENT APPLICATION | | Not privileged information |