Lee BROOKS, Plaintiff,

v.

BAKER PACKERS COMPLETION SYSTEMS, A DIVISION OF BAKER OIL TOOLS, INC., et al., Defendants.

Civ. A. No. 88–1090–T.

United States District Court, D. Kansas.

May 20, 1992.

Tom L. Schwinn, Schwinn & Schwinn, Wellington, Kan., for plaintiff.

David W. Steed, Silver & Steed, Wichita, Kan., for Baker Packers Completion Systems.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for Rupe Energy, Inc.

Thomas J. Berscheidt, John M. Keeley, Berscheidt & Keeley, Great Bend, Kan., for Kansas Fishing Tool.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiff's motion for relief from order (Doc. 161). Plaintiff seeks relief from two orders of Magistrate Judge Reid dated March 2, 1992 and April 17, 1992. Those two orders imposed sanctions against plaintiff's counsel, Tom L. Schwinn, pursuant to Fed.R.Civ.P. 16(f) because of counsel's failure to complete the pretrial order in a timely fashion.

■■■ Plaintiff frames his motion as a motion for relief pursuant to K.S.A. 60–260(b)(1) and (6). That state rule of civil procedure is inapplicable in federal court. Further, the federal counterpart, Fed.R.Civ.P. 60(b), is a means of obtaining relief from a final judgment. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 2851–2852 (1973). The proper procedure to obtain relief from an order of the magistrate is to file a motion for review of the magistrate's order pursuant to Fed.R.Civ.P. 72(a) and D.Kan.R. 604(a). The court shall therefore treat the plaintiff's motion as a motion to review the magistrate's orders.

■■■ The standard of review of a magistrate's order is set forth in 28 U.S.C. § 636. As to nondispositive pretrial matters, the district court reviews the magistrate's order under a "clearly erroneous or contrary to law" standard of review. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461–62 (10th Cir.1988) (citing 28 U.S.C. § 636(b)(1)(A)). The clearly erroneous standard requires that the court affirm the decision of the magistrate court unless "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is clearly abused. *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154

(W.D.N.Y.1982). *See also Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).

In his order of March 2, 1992, Magistrate Judge Reid granted defendant Rupe Energy, Inc.'s motion for sanctions. No response had been filed to the motion, and the magistrate treated the motion as uncontested pursuant to D.Kan.Rule 206(g). The magistrate found that the initial delay in completion of the final pretrial order (i.e., prior to June 28, 1991) arose from the submission of a proposed order which did not comply with the format for such orders. On June 28, 1991, counsel for one of the defendants mailed the pretrial order (apparently revised to comply with the required format) to plaintiff's counsel Schwinn to complete. The pretrial order was not completed and counsel were directed to appear on October 4, 1991 to complete the final pretrial order. At that time, the magistrate directed Schwinn to complete his portions of the pretrial order. Schwinn offered no explanation for his failure to complete and return the pretrial order. From this background, the magistrate concluded that an award of expenses was warranted under Fed.R.Civ.P. 16(f) for the expenses incurred as a result of the delay. The magistrate limited the expenses to those occurring after June 28, 1991, since the delay before that time was attributable in part to other counsel. The magistrate then directed counsel for defendant Rupe Energy to file an affidavit of expenses incurred after June 28, 1991.

Counsel for defendant Rupe Energy then filed his affidavit of expenses pursuant to the magistrate's order of March 2, 1992. No response to this affidavit was filed by plaintiff's counsel. In his order of April 17, 1992, the magistrate reviewed the affidavit and found the requested fees and expenses in the amount of $1,236.67 to be reasonable. The sanction was imposed against Schwinn and not against the plaintiff. Schwinn was directed to pay this sanction to opposing counsel by May 11, 1992 and to then file a pleading certifying that the amount had been paid.

In the motion for relief from the magistrate's order, plaintiff makes several arguments. Plaintiff fails to note that Magistrate Judge Reid imposed sanctions only for the delay occurring after June 28, 1991. No sanction was imposed for the delay from the time of the pretrial conference in November 1990 until the time defense counsel forwarded the revised pretrial order on June 28, 1991. The magistrate attributed this initial delay to other counsel in addition to plaintiff's counsel Schwinn. The magistrate attributed the delay occurring after June 28, 1991 to the conduct of Schwinn. This court is sympathetic to counsel's problems in obtaining and keeping a competent legal secretary. However, counsel's problems with his office staff do not excuse his failure to complete the pretrial order in a timely manner.

Plaintiff's counsel also asserts that on many occasions, counsel for defendant Rupe Energy arrived late for depositions. Counsel could have raised that argument before the magistrate if he thought it was relevant to the sanction issue. Plaintiff's counsel also states that he had great difficulty in persuading former plaintiff Julie Ann Brooks–Mays to reassign her interest in the lease to her father, Lee Brooks. To the extent that Schwinn is offering this as an excuse for his delay in preparing the pretrial order, he should have made this argument to the magistrate in the first instance. Finally, Schwinn suggests that liability for the sanctions should be assessed jointly and severally with plaintiffs. However, the matters before the court do not indicate that the individual plaintiffs committed any sanctionable conduct.

Plaintiff's counsel filed no response to the defendant's motion for sanctions, which the magistrate granted as uncontested in the March 2, 1992 order. Counsel filed no response to defendant's affidavit which set forth the amount of attorney's fees and expenses claimed. Plaintiff's counsel has waived his opportunity to be heard on the sanction issue. The arguments now made in the motion for relief should have been raised before the magistrate. Further, the arguments and claims of counsel do not

persuade this court that the magistrate's award of sanctions was clearly erroneous or contrary to law. Plaintiff's motion for relief shall be denied.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for relief from order (Doc. 161) is hereby denied.