**Galen SCHRAG, et al., Plaintiffs,**

**v.**

**Ted DINGES Jr., Defendant.**

**Civ. A. No. 88–1373–T.**

United States District Court,
D. Kansas.

Oct. 13, 1992.

James C. Dodd, Craig Dodd & Associates, Enid, Okl., for plaintiff Galen Schrag.

Thomas D. Kitch, David G. Seely, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for defendant Mark Youngers.

Dan W. Forker, Jr., Reynolds, Peirce, Forker, Suter & Rose, Hutchinson, Kan., for defendant Charles Brooks.

Martin W. Bauer, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for defendant Jay Ewing.

Thomas L. Theis, Derenda J. Mitchell, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for defendant Robert Simpson.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiffs' motion to review an order of Magistrate Judge Reid. Doc. 743. Plaintiffs seek review of the order entered by Magistrate Judge Reid on August 31, 1992, in which he denied plaintiffs' motion to reconsider his previous order denying plaintiffs' motion for leave to amend.

On August 10, 1992, the Magistrate Judge denied plaintiffs' motion to amend. The court noted that the motion to amend was untimely, coming three months after the cutoff date for filing amendments to the pleadings. The court also noted that the plaintiffs offered no excuse for the delay and failed to demonstrate excusable neglect for the failure to file the motion in a timely manner. *See* Doc. 734.

Plaintiffs then filed a motion to reconsider, which the court denied. The court noted that in the motion to reconsider, plaintiffs attempted for the first time to explain the three month delay. Plaintiffs raised facts which were previously available for argument but which were not raised at the time of the original briefing process. *See* Doc. 739. Plaintiffs now seek review of this order of the Magistrate Judge.

The standard of review of a magistrate's order is set forth in 28 U.S.C. § 636. As to nondispositive pretrial matters, the district court reviews the magistrate's order under a "clearly erroneous or contrary to law" standard of review. *Ocel-*

ot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1461–62 (10th Cir.1988) (citing 28 U.S.C. § 636(b)(1)(A)). The clearly erroneous standard requires that the court affirm the decision of the magistrate unless "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is clearly abused. *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982). *See also Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990).

The refusal to grant relief in a motion to reconsider is reviewed under an abuse of discretion standard, *see Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988), which is the functional equivalent of the clearly erroneous standard of review for a magistrate's order. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2458, 110 L.Ed.2d 359 (1990). A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan. 1990); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan.1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee*, 121 F.R.D. 69, 71 (N.D.Ill.1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia*, 732 F.Supp. 1116, 1117 (D.Kan. 1990); *Butler v. Sentry Insurance*, 640 F.Supp. 806, 812 (N.D.Ill.1986). The court is not required to supply the rationale that the parties were unable to find. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991) ("court will not construct arguments or theories for the [litigants] in the absence of any discussion of those issues").

After carefully considering the plaintiffs' arguments, the court must deny the motion to review. The Magistrate Judge did not abuse his discretion in denying the motion to amend or the motion to reconsider. This court notes that plaintiffs have been given leave to amend their complaint several times already. This is one of the court's oldest cases—if not the oldest case—lacking a final pretrial order. Further amendments will simply further delay the ultimate resolution of this case.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion to review magistrate's order (Doc. 743) is hereby denied.

At Wichita, Kansas, this 9th day of Oct., 1992.