Douglas E. KAMPFER and Barbara J. Kampfer, on Behalf of Elsa M. and Heidi L. KAMPFER, infants, Plaintiffs,

v.

William GOKEY, Superintendent et al., Defendants.

No. 94–CV–0201 (FJS) (GJD).

United States District Court, N.D. New York.

Jan. 9, 1995.

---

Douglas E. Kampfer, Barbara Kampfer, pro se.

Maynard, O'Connor & Smith, Albany, NY, for defendants; Bruce A. Bell, of counsel.

### DECISION AND ORDER

SCULLIN, District Judge:

## I. INTRODUCTION

This matter is before the Court on plaintiffs' appeal from Magistrate Di Bianco's November 22, 1994, Decision and Order, *see* Docket # 38, which denied plaintiffs' motion for recusal, extended the time for discovery, and stayed both the plaintiffs' motion for appointment of counsel and the decision as to whether the pro-se plaintiff parents could represent the plaintiff children until further briefing. The court also stayed the time within which the plaintiffs were to answer interrogatories, but that decision is not being challenged here.

## II. BACKGROUND

In the underlying action, the plaintiff children allege, through their parents, that they are being deprived of their right to a free public education. The plaintiffs allege that a school nurse at Mayfield Central School caused them to undergo unnecessary medical treatment; that defendant Gokey, Superintendent of the School District, denied the plaintiffs free access to a public education by denying the plaintiffs the use of a tutor; and that the plaintiffs were slandered when they were declared illegally absent from school.

The plaintiffs twice moved for a default judgment against defendants and both times the motion was denied. Subsequently, on October 12, 1994, the defendants moved for an extension of the discovery deadline. The plaintiffs opposed such an extension and requested a conference in chambers. The Court's initial attempt to contact the plaintiffs to schedule the conference was unsuccessful because their phone was out of service. Prior to notifying the parties by mail of the conference, the Magistrate determined that in the interest of the parties, i.e., to save them time and costs, the conference should be held by phone. The Court was once again unsuccessful in contacting the plaintiffs by phone, and determined that the plaintiffs were no longer using the phone number they had given the court.

Unable to reach the plaintiffs by phone, the Court contacted the defendants' attorney, Bruce Bell, for the limited purpose of notifying him of the court's decision to hold a telephone conference and to request that he write a confirming letter to the plaintiffs and the court. Contemporaneously, the court sent a notice to the plaintiffs informing them of the change in the conference from a personal appearance to a telephone conference. The Court also notified the plaintiffs that it had contacted the defendants' attorney for the purpose of setting up the phone conference for October 25, 1994, at 3:30 p.m.

The plaintiffs were distressed by this sequence of events and moved to have Magistrate Di Bianco recuse himself. Thereafter, the pro-se plaintiff parent, Barbara Kampfer, moved for the appointment of counsel. Oral argument on the issues was heard on November 14, 1994.

On October 22, 1994, Magistrate Di Bianco issued a Decision and Order that, *inter alia,* denied plaintiffs' motion for recusal, extended the time for discovery, and stayed both the plaintiffs' motion for appointment of counsel and the decision as to whether the pro-se plaintiff parents could represent the

plaintiff children pending further briefing. Thereafter, plaintiff filed notices of appeal challenging those decisions.[1]

## III. DISCUSSION

### A. The Magistrate's Power To Rule on Pre–Trial Matters

■ As noted above, the magistrate judge decided the pre-trial motions of recusal, extension of the discovery deadline, appointment of counsel and representation of the children plaintiffs. The plaintiffs contend that the Magistrate did not have the power to rule on the issues before him without the written consent of the plaintiffs. However, a review of applicable law shows that the magistrate acted within his powers.

Under Title 28 U.S.C. § 636(b)(1)(A) "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." *See also* Fed.R.Civ.Proc. 72 (discussing the procedure for magistrate rulings on "non-dispositive" and "dispositive" matters). Similarly, Local Rule 72.1 of the Rules of the Federal District Court for the Northern District of New York provides: "A full-time magistrate judge is authorized to exercise all powers and perform all duties permitted by 28 U.S.C. § 636(a), (b), (c) and any additional duties that are not inconsistent with the Constitution and the laws of the United States." *See also* Local Rules N.D.N.Y. 40.1 and 72.3 (noting that, upon filing, a district judge and a magistrate judge are jointly assigned to every civil case).

Therefore, because the magistrate judge was ruling upon non-dispositive pretrial motions, i.e., recusal, discovery, and appointment of counsel, he was acting within his power and no consent of the parties was needed.

### B. The Denial of the Recusal Motion

■ If timely objections have been made to a magistrate's order regarding a non-dispositive pre-trial matter, the district judge assigned to the case "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.Proc. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (same); Local Rule N.D.N.Y. 72.1(b) (same).

Although the plaintiffs objected to the magistrate's decision not to recuse himself, they have not offered any reason why that decision was clearly erroneous or contrary to law. In their original recusal motion, the plaintiffs argued that the magistrate judge was biased. This Court is of the opinion that the magistrate's decision was not clearly erroneous nor contrary to law.

"The substantive standard for recusal is whether a reasonable person, *knowing all the facts*, would conclude that the court's impartiality might reasonably be questioned." *United States v. Pitera*, 5 F.3d 624, 626 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994) (citations omitted). The basis for the plaintiffs' recusal motion was that the magistrate contacted the defendants *ex parte* for the purpose of setting up a telephone conference with all parties. However, in determining the recusal motion, the court must consider all the facts, including that the magistrate attempted to contact both parties, the plaintiffs' phone was out of service, the plaintiffs did not provide the Court with a phone number where they could be reached, and there were no *ex parte* discussions of the merits of the case. The magistrate denied the recusal motion determining that a reasonable person, knowing all the facts, would *not* reasonably question the court's impartiality. Given the facts and the carefully reasoned opinion, this Court agrees with the magistrate and holds that the mag-

---

1. Even though some of the notices of appeal were received prior to the filing of the magistrate's order, for the purposes of this appeal the Court is accepting the plaintiff's notices of appeal as timely.

istrate's order is not clearly erroneous nor contrary to law.

### C. Staying the Decision Whether to Appoint Counsel and Whether the Pro Se Parents Can Represent the Plaintiff Children

 Upon plaintiff-parent Barbara Kampfer's motion for the appointment of counsel, the magistrate raised *sua sponte* the issue of whether the pro se parents were able to represent their infant children. The magistrate then decided to stay both determinations pending further briefing. The plaintiffs now contend that the request for more briefing is too costly and time consuming.

 A magistrate judge to whom non-dispositive pretrial matters are referred must "conduct such proceedings as are required...." Fed.R.Civ.Proc. 72(a). Additionally, a magistrate judge, like a district court judge, must ensure that there is a "just, speedy, and inexpensive determination of every action." Fed.R.Civ.Proc. 1; *see also* 12 Wright and Miller, Federal Practice and Procedure § 3076.6 n. 3 (1973 & Supp.1994). In performing his duties, however, the judge cannot forsake justice in the name of speed. Under the circumstances here, the magistrate sought to determine the just and correct application of the law. Indeed it is odd that the plaintiffs would now challenge the magistrate's decision to stay the determinations when they had earlier requested more time to file further argument on these issues.

Therefore the decision of the magistrate to stay both the determination of the appointment of counsel and the determination whether the pro se parents can represent the plaintiff children was not clearly erroneous nor contrary to law.

### D. Extending the Discovery Deadline

 "[I]n resolving discovery disputes, the magistrate is afforded broad discretion which will be overruled only if abused." *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y.1982). Here the magistrate determined that extending discovery was in the best interest of both parties. The magistrate determined that the children may ulti-

mately receive legal counsel, and that the legal counsel may need additional time to conduct discovery. Additionally, at the time of the decision the children had not answered interrogatories and thus more time was needed. The plaintiff has not offered any reason why this determination is erroneous. Therefore, in light of the magistrate's findings and his determination that extending the discovery deadline was in the best interest of all parties, the Court concludes that his decision was neither clearly erroneous nor contrary to law.

Therefore, it is hereby

ORDERED that the Magistrate Di Bianco's Decision and Order dated November 22, 1994 is AFFIRMED.

**IT IS SO ORDERED.**