**Cara Leslie ALEXANDER, et al., Plaintiffs,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**Nos. CIV. 96–2123, CIV. 97–1288.**

United States District Court, District of Columbia.

March 6, 2000.

Larry Klayman, Judicial Watch, Inc., Washington, D.C., for Plaintiffs.

David W. Ogden, Acting Assistant Attorney General, Wilma A. Lewis, United States Attorney, Anne Weismann, James J. Gilligan, Elizabeth Shapiro, U.S. Department of Justice, Washington, D.C., for Defendants EOP and FBI.

David E. Kendall, Marcie Ziegler, Williams & Connolly, Washington, D.C., for Defendant Hillary Rodham Clinton.

Brent J. Gurney, Michael Gordon, Brigida Benitez, Wilmer, Cutler & Pickering, Washington, D.C., for Jane Sherburne.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on Plaintiffs' Motion to Compel Further Deposition Testimony from Jane Sherburne, Non–Party Jane Sherburne's Motion for Leave to File Declaration under Seal, and Non–Party Jane Sherburne's Motion to Strike Plaintiffs' Reply to her Opposition, or, in the Alternative, for Leave to File Surreply to Plaintiffs' Reply to Motion to Compel Further Testimony. Upon consideration of the submissions of the parties and the relevant law, the court will grant Non–Party Sherburne leave to file a declaration under seal and a surreply to plaintiffs' motion to compel, and deny her motion to strike. The court will deny plaintiffs' motion to compel further testimony.

### I. Background

The underlying allegations in this case arise from what has become popularly known as "Filegate." Plaintiffs allege that their privacy interests were violated when the FBI improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations.

The current dispute revolves around the deposition of Jane C. Sherburne, White House Special Counsel from January 1995 to January 1997. Plaintiffs deposed Sherburne on June 21, 1999. At that deposition, plaintiffs asked Sherburne several questions regarding how she became aware of certain aspects of Linda Tripp's testimony at her deposition in this case. Sherburne refused to answer these questions based on her counsel's and defendant EOP's objections due to privilege. Plaintiffs now seek to compel Sherburne to answer these specific questions:

(1) How did Sherburne become aware that Tripp testified at some time since December 1998 that she had seen FBI files of Travel Office workers in Foster's office before those workers were fired?

(2) How did Sherburne learn that Tripp testified that she told Bruce Lindsey about what she had seen concerning the FBI files of Travel Office people and others, and that Lindsey replied to Tripp that talk like that will get you destroyed?

(3) Did Sherburne's counsel relate to her what Tripp had testified?

(4) If so, was that before Sherburne's deposition today?

### II. Analysis

#### A. Relevancy

Rule 26(b) of the Federal Rules of Civil Procedure establishes the respective burdens of the parties with regard to motions to compel. Because plaintiffs can only obtain "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action" or "information reasonably calculated to lead to the discovery of admissible evidence," they must first show that the information sought to be compelled is discoverable. FED. R. CIV. P. 26(b)(1); *see also Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C.1999)(stating that the party seeking to compel information must

first demonstrate its relevance); *Alexander v. FBI*, 186 F.R.D. 21, 45 (D.D.C.1998) (same). Once this has been established, however, the burden shifts to the defendant to prove her claims of privilege.

■ Plaintiffs do nothing to establish relevance in their initial three-page motion, which consisted only of excerpts from Sherburne's deposition and a conclusory statement that the plaintiffs were entitled to have their questions answered. This court has already explicitly stated that "for plaintiffs to prevail on their motion to compel, they must show in their *initial motion* that the information they seek to compel is relevant, aside from any other claims of privilege." *Alexander*, 186 F.R.D. at 187 (emphasis added). Plaintiffs have clearly failed to do so in this case. They argue that their failure is a due to the fact that counsel's objections at the deposition were non-specific and based only on a general claim of privilege. They contend that they could not address the merits of Sherburne's privilege claim until after Sherburne's opposition to their initial motion because it was not until then that Sherburne specified which privilege it was that she was asserting. Plaintiffs' argument, however, does not explain why they could not establish the relevance of the information sought in their initial motion as required. Nevertheless, the court finds that the prompt administration of justice is furthered by granting Sherburne leave to file a surreply as opposed to temporarily avoiding the merits of the plaintiffs' motion to compel by striking their reply. Sherburne filed her surreply along with her motion for leave, so no additional work is required of the parties. Furthermore, as discussed below, plaintiffs' reply brief adequately addresses relevancy issues. In the future, however, plaintiffs must either raise all of their appropriate arguments in their initial motion, or else face denial of their motion without leave to re-file the same motion.

The court will now turn its analysis to the merits of the plaintiffs' argument that the information sought is discoverable. Plaintiffs first rely on this court's prior ruling that the circumstances surrounding the release of Linda Tripp's background security information is discoverable. *See Alexander v. FBI*, Civ. No. 96–2123, Memorandum and Order at 6–7 (D.D.C. Apr. 13, 1998). They assert that the information they seek to compel is, therefore, discoverable as it relates to these circumstances. They fail to explain, however, just how their questions might relate to the release of Tripp's personnel file information. The questions at issue seek information about how Sherburne learned of certain claims made during Tripp's deposition in this case. That deposition took place in December 1998 and January 1999, several months after Tripp's background information was released.[1] Therefore, this court fails to see how these questions pertain to the circumstances leading to the release of Tripp's file.

Plaintiffs next argue that the information sought is relevant because Sherburne could have become aware of Tripp's testimony due to her first-hand knowledge of the underlying claims. Furthermore, they argue that these questions bear on the weight and credibility of Sherburne's testimony because she could tailor that testimony to her benefit if she was aware of Tripp's prior testimony. Based on this, the court finds that the plaintiffs' questions appear relevant and "reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). Therefore, the plaintiffs have sufficiently established that the information they seek is discoverable.

### B. Attorney–Client Privilege

Thus, the burden shifts to Sherburne, as the party asserting attorney-client privilege, to demonstrate "the applicability of the privilege by way of affidavits or other competent evidence." *Alexander v. FBI*, 186 F.R.D. 102, 111 (D.D.C.1998) (citing *Odone v. Croda Int'l PLC*, 950 F.Supp. 10, 12 (D.D.C.1997)). In support of her privilege claim, Sherburne submitted a declaration filed under seal for the court's *in camera* review. After reviewing that declaration and the deposition tran-

---

1. The release of Tripp's file information and subsequent release of news articles regarding Tripp

occurred in March and June of 1998.

script, this court finds that Sherburne has met her burden.

■ Plaintiffs' questions seek to identify the information Sherburne discussed with her counsel in preparation for her deposition. This court has already ruled on several occasions that plaintiffs are not entitled to such information, as it would be "tantamount to revealing the substance of what was discussed with counsel" in furtherance of legal services. *See Alexander,* 186 F.R.D. at 47 (rejecting plaintiffs' motion to compel Stacey Parker to answer whether she had discussed the deposition testimony of Begala with counsel); *see also Alexander v. FBI,* 186 F.R.D. 200, 203 (D.D.C.1999); *Alexander v. FBI,* Civ. No. 96–2123, Memorandum and Order at 5–8 (D.D.C. April 16, 1999) (both rejecting plaintiffs' motion to compel testimony on documents reviewed by the deponent with counsel in preparation for deposition).

The plaintiffs argue that the information sought is not privileged because it does not constitute legal advice. They contend that this is a situation where a lawyer has merely passed on facts acquired from other sources. *See In re Sealed Case,* 737 F.2d 94, 99 (D.C.Cir.1984) ("when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged.") However, although plaintiffs' questions may involve facts obtained from resources other than the client, i.e. statements made by Tripp at her deposition in this case, it is not those facts the plaintiffs seek to acquire, as they are already fully aware of them. Rather, plaintiffs seek to discover whether Sherburne's counsel related this testimony to her, and what, if any, specific testimony the attorney chose to relate in preparation for Sherburne's deposition. Clearly, this information "could be used to piece together information about the nature of the legal advice sought" by Sherburne. *Alexander,* 186 F.R.D. at 203. Therefore, the attorney-client privilege applies to the information plaintiffs seek to compel.

The plaintiffs next argue that Sherburne waived any privilege that may have existed. They assert that any attorney-client privilege was waived by the fact that counsel's

objections referred only to a general, unidentified privilege. Plaintiffs' argument is without merit. Based on the questions asked and counsel's objections, Sherburne clearly asserted her attorney-client privilege. If plaintiffs were confused about the particular privilege claimed, they could have inquired further during the deposition. In support of their argument, plaintiffs refer to this court's earlier decisions allowing further discovery so that plaintiffs could develop circumstantial facts to explore the propriety of the assertion of the privilege. *Alexander,* 186 F.R.D. at 46 (allowing plaintiffs to submit to deponent a set of narrowly tailored interrogatories); *Alexander v. FBI,* Civ. No. 96–2123, Memorandum Opinion at 41 (D.D.C. July 10, 1999)(allowing further questioning of deponent). In those decisions, however, this court did not find that the deponent had waived his privilege by his failure to provide detailed information regarding it. Rather, the court found that the record was insufficient to allow the court to properly ascertain whether the attorney-client privilege applied in that particular circumstance. *See Alexander,* 186 F.R.D. at 46. In the instant case, however, the court has sufficient information, as discussed above, to rule on the applicability of the privilege.[2] Therefore, this court's prior decisions, on which the plaintiffs rely, are inapplicable.

Plaintiffs next assert that Sherburne waived her privilege because of her counsel's statement at the deposition that they were not claiming privilege with respect to documents responsive to the subpoena duces tecum. Once again, this argument is without merit. The fact that Sherburne did not claim privilege as to unrelated documents, which were not subject to the attorney-client privilege, has no bearing on her claim of privilege as to the specific questions at issue.

■ Similarly, plaintiffs claim that Sherburne waived her privilege when she talked to Bob Woodward, a reporter from the *Washington Post.* "[A]ny voluntary disclosure by the client to a third party breaches the confidentiality of the attorney-client relationship and therefore waives the privilege,

---

**2.** Plaintiffs also were afforded the opportunity to respond fully to Sherburne's privilege claims in both their reply and their opposition to Sherburne's motion for leave to file a surreply.

not only as to the specific communication disclosed but often as to all other communications relating to the same subject matter." *In re Sealed Case*, 877 F.2d 976, 980–81 (D.C.Cir.1989) As with the documents, however, the discussions Sherburne had with Woodward were unrelated to the subject matter at issue. As noted above, plaintiffs seek to compel information about what Sherburne discussed with counsel in preparation for her deposition. Sherburne's discussions with Woodward, however, took place in the summer of 1998, approximately one year prior to her deposition. Given this sequence of events, Sherburne clearly could not have discussed with Woodward what her counsel did to prepare her for her deposition in this case. Nor could she have discussed generally how she had become aware of Tripp's deposition testimony, as Tripp's testimony also took place several months later.[3] Therefore, as Sherburne did not discuss the subject matter at issue with Woodward, she did not waive her attorney-client privilege.

█ Finally, plaintiffs argue that even if the information sought is privileged, they are still entitled to it because the crime-fraud exception applies. Communications otherwise protected by privilege are not protected if they "are made in furtherance of a crime, fraud, or other misconduct." *In re Sealed Case*, 754 F.2d 395, 399 (D.C.Cir.1985). "[T]he party seeking to overcome the privilege [has] the burden of showing that the crime-fraud exception applie[s]." *In re Sealed Case*, 107 F.3d 46, 49 (D.C.Cir.1996). In order to meet this burden, the party must show two things. First, the party must offer "evidence that if believed by the trier of fact would establish the elements of an ongoing or imminent crime or fraud." *Id.* at 50. Second, the party must show that "the client consult[ed] the lawyer for the purpose of committing a crime or fraud." *Id.* at 51.

█ Plaintiffs contend that the Clinton Administration has illegally attempted to intimidate, punish and destroy Linda Tripp by releasing her confidential, DoD personnel file

information and cooperating with a state prosecution of Tripp. The court, however, does not need to reach the issue of whether such a contention satisfies the first prong of the plaintiffs' burden as the plaintiffs have clearly failed to satisfy the second prong.[4] The plaintiffs have not even attempted to show that Sherburne consulted her attorney for the purpose of attempting to intimidate or destroy Tripp. The evidence in this case indicates that Sherburne consulted her attorney in order to prepare for her deposition in this case. This consultation was well after the release of the Tripp file and after Sherburne left the Clinton Administration. The plaintiffs have failed to present any evidence to establish that this consultation was made in furtherance of a crime or fraud. Therefore, they have clearly failed to meet their burden that the crime-fraud exception should be applied.

### III. *Conclusion*

For the reasons stated above, the court HEREBY ORDERS that:

1. Plaintiffs' Motion to Compel Further Deposition Testimony of Jane Sherburne is DENIED.

2. Non–Party Sherburne's for Leave to File a Declaration under Seal is GRANTED.

3. Non–Party Sherburne's Motion to Strike Plaintiffs' Reply to her Opposition is DENIED. Sherburne's Motion for Leave to File a Surreply is GRANTED.

SO ORDERED.

---

3. Tripp's testimony took place in December 1998 and January 1999, several months after Sherburne's discussions with Woodward.

4. This court notes, however, that at first glance, it appears that plaintiffs have failed to make the required "prima facie showing of a violation sufficiently serious to defeat the privilege," in order to satisfy the first prong of their burden as well. *In re Sealed Case*, 754 F.2d at 399.